## Workman v. Commonwealth.

(Decided November 10, 1925.)

### Appeal from Bracken Circuit Court.

Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction of Unlawfully having Intoxicating Liquors in Possession. —Evidence that accused claimed bottle found by another, though not in fact his property, held sufficient to sustain conviction of

unlawfully having intoxicating liquors in possession, though evidence was conflicting as to character of contents.

W. A. BYRON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal presents peculair facts. Appellant, Workman, was indicted for the offense of unlawfully having intoxicating liquors in possession, and from a judgment of conviction he appeals.

A boy thirteen years of age found hidden on his father's farm a bottle containing a liquid which he believed to be moonshine whiskey. He called his father and showed him what he had found. The father tasted the contents of the bottle and pronounced it whiskey. Information of the find became noised about the community, finally reaching the ears of appellant, Workman, and one Haley. They decided they would claim the bottle, although it was not theirs, and thus obtain the whiskey and drink it. Pursuant to this understanding they, in a buggy, drove to the home of the witness and called for the whiskey. The boy reported to his father, who was working nearby, that appellant, Workman, claimed the whiskey and had come to get it; the father answered that he did not claim the whiskey and the boy gave the bottle with its contents to appellant, Workman, and appellant and his companion drove away with the bottle. There is no dispute about the facts up to this point. After driving some distance, appellant testifies, he and his companion examined the contents of the bottle and found that it was not whiskey but a nonintoxicant, and threw it away. He, therefore, contends he was not guilty of the offense of possessing intoxicating liquors in violation of law. The jury heard the evidence and was in better position, after seeing the witnesses and observing their conduct upon the witness stand, to judge of their credibility than are the members of this court.

One of the witnesses for the Commonwealth stated positively the bottle contained whiskey. The boy who found it stated it smelt like whiskey. If it were whiskey then appellant unlawfully possessed it when he obtained it from the witness. Reduced to its last analysis the

question is, did the bottle which the boy found and later gave to appellant, Workman, contain intoxicating liquor? The jury was clearly within its province when it decided from the evidence that the bottle contained whiskey. There was, therefore, evidence to support the verdict. As no ground, save insufficiency of evidence, is urged for reversal of the judgment, it is affirmed.

Judgment affirmed.